**CLD-204**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3759
_____

UNITED STATES OF AMERICA

v.

CORNELIUS ALEXANDER ALBERT,
                                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-97-cr-00404-001)
District Judge:  Honorable John R. Padova
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: June 22, 2015)
_____

OPINION*
_____

PER CURIAM

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Cornelius Albert appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which denied his petition for a writ of error coram nobis. Because no substantial question is raised by the appeal, we will summarily affirm the District Court's order. See L.A.R. 27.4; I.O.P. 10.6.

In conjunction with a 1998 conviction for use of counterfeit access devices and conspiracy to commit credit card fraud, Albert was sentenced to serve a term of 162 months in prison, followed by three years' supervised release, and to pay $3,091,250.70 in restitution. Albert's current petition argued that some of the losses included in that total predate the time period of the charged offense. He asked to "be completely discharged from any further obligation to pay the unsubstantiated restitution award." The District Court denied the petition and Albert timely appealed.

Albert has unsuccessfully challenged the restitution order on numerous occasions: at sentencing, on direct appeal, in a motion filed pursuant to 28 U.S.C. § 2255, in a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in an application to file a second or successive § 2255 motion, and in a previous petition for a writ of error coram nobis. As we informed Albert in our opinion affirming the denial of his previous petition for a writ of error coram nobis, "[c]oram nobis is an extraordinary remedy" that may not be used for claims that could have been raised on direct appeal. See United States v. Albert, C.A. No. 10-2731, slip op. at 4-5 (3d Cir. Oct. 25, 2010) (citing United States v. Osser, 864 F.2d 1056, 1059-62 (3d Cir. 1988)); see also United States v. Helmos Food Prod., Inc., 407 F.3d 848, 849 (7th Cir. 2005). Because Albert

had the opportunity to raise a challenge to the restitution order on direct appeal,[1] he is precluded from proceeding in coram nobis.[2]

For the foregoing reasons, we will affirm the District Court's order.

---

[1] In connection with an argument about relevant conduct for sentencing, Albert tangentially raised a challenge to restitution in his brief on direct appeal. See United States v. Albert, C.A. No. 98-2058, Appellant's Br., 1999 WL 33620752, at *60 ("It is clear that some of the loss figures occurred before Appellant could have been involved. With this, along with the government arguably connecting Appellant to only about twenty of the credit card numbers out of the 650+ numbers represented in the government's Exhibit A, adding the entire two-million dollar loss to Appellant's relevant conduct was error."). Thus, he could have made an explicit challenge to the restitution order on direct appeal.

[2] Albert's previous petition for a writ of error coram nobis was denied by the District Court in part because Albert was still in custody (under supervised release) at the time that he filed the petition. But the fact that Albert is no longer in custody does not change our previous conclusion that he is precluded from pursuing his claim through coram nobis because he had other remedies available.